IN THE UNITED STATES DISTRICT COURT
FORTHE NORTHERN DISTRICT OF WEST VIRGINIA
Elkins

**JASON STEVEN KOKINDA,**

      Petitioner,

v.                                        Crim. Action No.   2:21-CR-20
                                                Civil Action No.    2:23-CV-3

**USA,**

      Respondent.

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

On February 21, 2022, Jason Steven Kokinda ("petitioner"), proceeding *pro se*, filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Civil Action Number 2:23-CV-3 ECF No. 1; Criminal Action Number 2:21-CR-20 ECF No. 200].[1] This matter is assigned to the Honorable Thomas S Kleeh, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated below, the undersigned recommends that the District Judge deny as premature and dismiss petitioner's motion without prejudice.

### II.    PROCEDURAL HISTORY

On September 8, 2021, the United States Attorney filed an Indictment charging petitioner with failure to update sex offender registration in violation of 18 U.S.C.

---

[1] From this point forward, document numbers refer to petitioner's criminal action unless stated otherwise.

1

§ 2250(a). Following a jury trial, petitioner was found guilty. On October 13, 2022, petitioner appeared before Judge Kleeh and was sentenced to sixty-three months imprisonment. According to the Bureau of Prisons' ("BOP") website, petitioner's projected release date, via good conduct time, is April 30, 2024.

On October 20, 2022, petitioner filed a Notice of Appeal. At this time, the direct appeal is still pending. On February 21, 2023, petitioner filed the instant motion.

### III.     STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a prisoner may file a motion challenging the sentence imposed by a federal court, "if (1) the sentence violates the Constitution or laws of the United States; (2) the sentencing court lacked jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum; or (4) the sentence 'is otherwise subject to collateral attack.'" **Beyle v. United States**, 269 F. Supp. 3d 716, 725 (E.D. Va. 2017) (quoting 28 U.S.C. § 2255(a)). "A sentence is 'otherwise subject to collateral attack,' if a petitioner shows that the proceedings suffered from 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id*. (quoting **United States v. Addonizio**, 442 U.S. 178, 185 (1979)). "A petitioner bears the burden of proving one of those grounds by a preponderance of the evidence." *Id*. (citing **Miller v. United States**, 261 F.2d 546, 547 (4th Cir. 1958)). "If he satisfies that burden, the court may vacate, set aside, or correct the sentence." *Id*. (citing 28 U.S.C. § 2255(b)). "However, if the motion, when viewed against the record, shows that the petitioner is entitled to no relief, the court may summarily deny the motion." *Id*. (citing **Raines v. United States**, 423 F.2d 526, 529 (4th Cir. 1970)).

Finally, this Court notes that pro se allegations are held to a less stringent standard than those drafted by lawyers and must be liberally construed. **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Hudspeth v. Figgins**, 584 F.2d 1345, 1347 (4th Cir. 1978).

### IV.     ANALYSIS

Petitioner filed the instant § 2255 motion in this Court while his direct appeal is pending before the Fourth Circuit. "Absent extraordinary circumstances the Court should not consider a § 2255 motion while a direct appeal is pending." **Miller v. United States**, No. 1:19CR41, 2022 WL 1159695, at *1 (N.D. W.Va. Apr. 19, 2022) (Keeley, J.) (citing **Timms v. Johns**, 627 F.3d 525, 530 (4th Cir. 2010)).  Notably, there is significant overlap in the challenges to his conviction petitioner presents in both his direct appeal and the instant Motion.  Kokinda's statement of issues on direct appeal includes (1) that there was insufficient evidence to support the jury verdict; (2) that the district court expanded elements of 18 U.S.C. § 2250 charge in the jury instructions; and (3) that the district court incorrectly calculated the guidelines sentence by including an eight-level enhancement under USSG § 2A3.5(b)(1)(C).  In the instant petition, Kokinda raises several grounds in support of his Motion.  First, that the Court erred in its interpretation of 18 U.S.C. § 2250(a) in the jury instructions.  Second, that the Government's reading of 18 U.S.C. § 2250 is in conflict with state law and that Kokinda's reliance on state law "operated as an entrapment."  [Doc. 200 at 5].  Third, that Elkins police charged him in bad faith as retaliation and that his counsel was ineffective for not raising this argument as an objection.  Fourth, that the Court imposed an unreasonable sentence and that Kokinda's objections demonstrated that enhancements and supervision beyond five years are unreasonable.  Petitioner's direct appeal has not yet been briefed, and the arguments

3

made on appeal and in the instant Motion may not be identical; however, it is clear that there is significant overlap in the challenges raised before each court. Thus, Kokinda's § 2255 motion is premature, and the undersigned finds no extraordinary circumstances compelling consideration of the motion during the pendency of his direct appeal. Accordingly, the undersigned recommends that the petition be denied as premature and dismissed without prejudice.

## V.  RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [**Civil Action Number 2:23-CV-3 Doc. 1; Criminal Action Number 2:21-CR-20 Doc. 200**] be **DENIED** as premature and **DISMISSED without prejudice**.

Within fourteen days after service of this Report and Recommendation, the petitioner may file with the Clerk of this Court**, specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection**. A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

5

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the petitioner by certified mail, return receipt requested, to his last known address as shown on the docket sheet. In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

**DATED**:  February 24, 2023.

/s/ *Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE