```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

    **v.**                            **CRIMINAL NO.   2:21-CR-20**
                                       **CIVIL NO.      2:23-CV-3**
                                                        **(KLEEH)**

**JASON STEVEN KOKINDA,**

      **Defendant.**

**MEMORANDUM OPINION AND ORDER DENYING MOTION UNDER 28 U.S.C. § 2255, ADOPTING R&R, AND OVERRULING DEFENDANT'S OBJECTIONS**

On February 21, 2023, the pro se Petitioner, Jason Steven Kokinda ("Kokinda"), filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Motion"). ECF No. 200, 2:21cr20; ECF No. 1, 2:23cv3.[1] Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred the action to United States Magistrate Judge Michael J. Aloi (the "Magistrate Judge") for review. On February 24, 2023, the Magistrate Judge entered a Report and Recommendation ("R&R"), recommending that the Court deny the Motion and dismiss it without prejudice. ECF No. 203. On March 7, 2023, Kokinda filed objections to the R&R. ECF No. 206.

Following a careful review and for the reasons that follow,

---

[1] Unless specifically referenced differently, all docket entries cited herein are to the criminal action: 2:21cr20.

**MEMORANDUM OPINION AND ORDER DENYING MOTION UNDER 28 U.S.C. § 2255, ADOPTING R&R, AND OVERRULING DEFENDANT'S OBJECTIONS**

the Court **ADOPTS** the R&R [ECF No. 203], **OVERRULES** Kokinda's objections [ECF No. 206], **DENIES** his § 2255 petition [ECF No. 200], and **DISMISSES WITHOUT PREJUDICE** Civil Action Number 2:23cv3.

### I.  BACKGROUND

After he was found guilty by petit jury to Count One of the Indictment, Failure to Update Sex Offender Registration in violation of 18 U.S.C. § 2250(a), the Court sentenced Kokinda to 63 months incarceration on October 13, 2022. He was given credit for time served from November 14, 2019, to December 17, 2020, and since February 3, 2021. The Court imposed a term of supervised release for life. Kokinda timely filed his notice of appeal on October 20, 2022.

On March 31, 2023, Kokinda, by counsel, filed his Brief of Appellant with the United States Court of Appeals for the Fourth Circuit. ECF No. 24, Appeal No. 22-4595. Therein, he argues four (4) issues on appeal:

> 1.   Whether the jury instruction incorrectly defined the elements of Failure to Register, 18 U.S.C. § 2250(a), by grafting passages from the Attorney General's Guidelines onto the statutory text, which broadened the circumstances under which the requirement to register is triggered?
> 2.   Whether SORNA, as applied, violated the Tenth Amendment, by failing to provide fair notice because of the inconsistent registration requirements, as explained in the jury instruction, vis-a-vis the less onerous standards of West Virginia's SORNA-noncompliant sex offender registry?

Case 2:23-cv-00003-TSK   Document 7   Filed 06/06/23   Page 3 of 8   PageID #: 100

**MEMORANDUM OPINION AND ORDER DENYING MOTION UNDER 28 U.S.C. § 2255, ADOPTING R&R, AND OVERRULING DEFENDANT'S OBJECTIONS**

> 3. Whether, the district court erred by enhancing the defendant's guidelines sentence with an eight (8) level increase, based on the "clearly erroneous" finding that the government presented sufficient indicia of reliability to support the probable accuracy (U.S.S.G. §6A1.3) of evidence that the defendant committed a "sex offense against a minor" (U.S.S.G. §2A3.5(b)(1)(C))?
> 4. Whether it was procedurally and substantively reasonable for the district court judge to sentence the defendant to lifetime supervision and severe limits on computer use?

Id. at 1-2. On May 30, 2023, the United States filed its Appellee's Brief. ECF No. 38, Appeal No. 22-4595. The appeal remains pending before the Fourth Circuit.

On February 21, 2023, Kokinda, pro se, filed his Motion under 28 U.S.C. § 2255. ECF No. 200. Therein he moves the Court to vacate his sentence on four grounds, summarized by the Magistrate Judge as follows:

> First, that the Court erred in its interpretation of 18 U.S.C. § 2250(a) in the jury instructions. Second, that the Government's reading of 18 U.S.C. § 2250 is in conflict with state law and that Kokinda's reliance on state law "operated as an entrapment." [Doc. 200 at 5]. Third, that Elkins police charged him in bad faith as retaliation and that his counsel was ineffective for not raising this argument as an objection. Fourth, that the Court imposed an unreasonable sentence and that Kokinda's objections demonstrated that enhancements and supervision beyond five years are unreasonable.

3

Case 2:23-cv-00003-TSK   Document 7   Filed 06/06/23   Page 4 of 8 PageID #: 101

**MEMORANDUM OPINION AND ORDER DENYING MOTION UNDER 28 U.S.C. § 2255, ADOPTING R&R, AND OVERRULING DEFENDANT'S OBJECTIONS**

ECF No. 203 at 3-4. The Magistrate Judge recommended Kokinda's Motion be denied as premature and dismissed without prejudice. Id. On March 7, 2023, Kokinda timely filed objections to the R&R. ECF No. 206.

## II.   LEGAL STANDARD

### a. 28 U.S.C. § 636

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made.  28 U.S.C. § 636(b)(1)(C).  An objection must be specific and particularized to warrant such review. See United States v. Midgette, 478 F.3d 616, 621-22 (4th Cir. 2007).  Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)).  Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous.  See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The R&R informed the parties that they had fourteen (14) days from the date of service of the R&R to file "specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection." ECF No. 203 at 4. It further warned them that the "[f]ailure to file written objections . . . shall constitute a

4

MEMORANDUM OPINION AND ORDER DENYING MOTION UNDER 28 U.S.C. § 2255, ADOPTING R&R, AND OVERRULING DEFENDANT'S OBJECTIONS

waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals." Id. Kokinda accepted service of the R&R on February 28, 2023. ECF No. 205. He timely filed objections to the R&R on March 7, 2023. See ECF No. 206. Kokinda also requested immediate release or expedited disposition of his petition. ECF No. 208.

**b. District Court Jurisdiction During an Appeal**

"Generally, a timely filed notice of appeal transfers jurisdiction of a case to the court of appeals and strips a district court of jurisdiction to rule on any matters involved in the appeal." Doe v. Pub. Citizen, 749 F.3d 246, 258 (4th Cir. 2014). Only under "exceptional circumstances" should motions to vacate or alter sentences be heard during the pendency of a direct appeal. Bowen v. Johnston, 306 U.S. 19, 27 (1939). "Among these exceptional circumstances are those indicating a conflict between state and federal authorities on a question of law involving concerns of large importance affecting their respective jurisdictions." Id. (citation omitted). A "[m]ovant may not avail himself of collateral relief prior to the final adjudication of his direct appeal." Kiser v. United States, No. 2:06-00151, 2010 WL 4780376, *1 (S.D.W. Va. Nov. 16, 2010).

### III. ANALYSIS

First, the Court must determine whether Kokinda has presented "extraordinary circumstances" compelling the Court to consider his

5

**MEMORANDUM OPINION AND ORDER DENYING MOTION UNDER 28 U.S.C. § 2255, ADOPTING R&R, AND OVERRULING DEFENDANT'S OBJECTIONS**

Motion under § 2255 during the pendency of his appeal to the Fourth Circuit. The Court finds he has not. Decision on Kokinda's § 2255 motion would require the Court to rule on matters over which it has no jurisdiction because they are pending before the Fourth Circuit Court of Appeals. Kokinda raises similar grounds in his Motion under § 2255 to his direct appeal and has raised nothing in his Motion that demonstrates "exceptional circumstances" for the Court to consider the § 2255 motion during the pendency of his direct appeal. Kokinda's Motion under § 2255 is denied without prejudice on this ground.

Additionally, Kokinda's objections to the R&R restate his arguments raised in his motion and fail to identify the specific portions of the R&R to which he objects. He does not point with any specificity to factual errors in the R&R and takes no issue with the R&R's legal analysis. In short, the "objection" document was of no aid to this Court in reviewing the R&R and added nothing to the record not already stated. Therefore, the objections fall short of the specificity requirement to warrant a de novo review, and the Court need only review the R&R for clear error.

Finding no clear error, and finding that Kokinda failed to demonstrate exceptional circumstances to warrant consideration of his § 2255 motion during the pendency of his direct appeal, the Court **ADOPTS** the R&R and dismisses the case without prejudice. ECF No. 203.

### IV. APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If the Court denies the certificate, "a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Id. The Court finds it inappropriate to issue a certificate of appealability in this matter because Defendant has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). The Court, therefore, **DENIES** issuing a certificate of appealability.

### V. CONCLUSION

For the reasons discussed, the Court **ADOPTS** the R&R [2:21CR20, ECF No. 203; 2:23CV3, ECF No. 4], **OVERRULES** Kokinda's objections [2:21CR20, ECF No. 206; 2:23CV3, ECF No. 6], **DENIES** Kokinda's § 2255 petition [2:21CR20, ECF No. 200; 2:23CV3, ECF No. 1], and **DISMISSES WITHOUT PREJUDICE** the § 2255 petition and Civil Action Number 2:23CV3. Kokinda's motion for immediate release or expedited disposition of the petition is **DENIED AS MOOT** [2:21CR20, ECF No. 208].

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to enter a separate judgment order in favor of the United States in Civil Action Number 2:23CV3; to

**MEMORANDUM OPINION AND ORDER DENYING MOTION UNDER 28 U.S.C. § 2255, ADOPTING R&R, AND OVERRULING DEFENDANT'S OBJECTIONS**

transmit a copy of this Order to Kokinda via certified mail, return receipt requested; to transmit a copy of this Order to counsel of record by electronic means; and to strike Civil Action Number 2:23CV3 from the Court's active docket.

**DATED**: June 6, 2023

*Tom S Kleeh*
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA